IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| GEORGE WALTER BREWSTER, III, | : : : |
| Plaintiff, | : : |
| v. | : : Case No. 4:25-cv-19-CDL-AGH |
| MICHAEL NAIL, *et. al.*, | : : : |
| Defendants. | : : |

# ORDER

Plaintiff George Walter Brewster, III, a prisoner who is presently incarcerated at the Muscogee County Jail in Columbus, Georgia, has filed a *pro se* complaint (ECF No. 1), a recast complaint (ECF No. 4), and various exhibits (ECF No. 5) in support of his claims, which seek relief pursuant to 42 U.S.C. § 1983. Plaintiff also seeks leave to proceed *in forma pauperis* in this case (ECF No. 2). As discussed below, however, Plaintiff has three strikes under the Prison Litigation Reform Act, so he may not proceed *in forma pauperis*. Plaintiff's motion for leave to proceed *in forma pauperis* is therefore **DENIED,** and Plaintiff's Complaint shall be **DISMISSED without prejudice.**

## ANALYSIS

Federal law bars a prisoner from bringing a civil action in federal court *in forma pauperis*

> if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state

> a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This is known as the "three strikes provision." Under § 1915(g), a prisoner incurs a "strike" any time he has a federal lawsuit or appeal dismissed on the grounds that it is (1) frivolous, (2) malicious, or (3) fails to state a claim. *See Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999); *see also Daker v. Comm'r, Ga. Dep't of Corr.*, 820 F.3d 1278, 1283-84 (11th Cir. 2016) (confirming that "these three grounds are the *only* grounds that can render a dismissal a strike"). Once a prisoner incurs three strikes, his ability to proceed *in forma pauperis* in federal court is greatly limited: leave to proceed *in forma pauperis* may not be granted unless the prisoner is under imminent danger of serious physical injury. *Medberry*, 185 F.3d at 1192.

A review of court records on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") database confirms that Plaintiff has filed numerous federal lawsuits (not including habeas petitions) and that at least three of his complaints or appeals that were filed *pro se* while he was incarcerated have been dismissed as frivolous, malicious, or for failure to state a claim. *See, e.g.,* Order Dismissing Compl., *Brewster v. District Attorney's Office*, ECF No. 7 in Case No. 4:20-cv-00038-CDL-MSH (M.D. Ga. Oct. 21, 2020) (adopting recommendation to dismiss for failure to state a claim); Order Dismissing Compl., *Brewster v. Turner*, ECF No. 5 in Case No. 4:21-cv-00014-CDL-MSH (M.D. Ga. Mar. 3, 2021) (dismissed for failure to state a claim);[1] Order Dismissing

---

[1] Although this case was dismissed because the only named defendant was a judge who was immune from suit, such a dismissal is effectively one for failure to state a claim. *See, e.g., Wright v. Pearson*, 747 F. App'x. 812, 814 (11th Cir. 2018) (per curiam) ("We have

2

Compl., *Brewster v. Am. Int'l Movers, Inc.*, ECF No. 5 in Case No. 4:20-cv-00045-CDL-MSH (M.D. Ga. Mar. 12, 2020) (dismissed for failure to state a claim); *see also* Order Dismissing Compl., *Brewster v. Dep't of Cmty. Supervision*, ECF No. 6 in Case No. 4:23-cv-73-CDL-MSH (M.D. Ga. June 27, 2023) (dismissing pursuant to 28 U.S.C. § 1915(g)). Plaintiff is accordingly barred from prosecuting this action *in forma pauperis* unless he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

"[T]he issue is whether [Plaintiff's] complaint, as a whole, alleges imminent danger of serious physical injury." *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004). "[G]eneral assertions, even construed liberally, are 'insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'" *Sutton v. Dist. Attorney's Office*, 334 F. App'x 278, 279 (11th Cir. 2009) (quoting *Brown*, 387 F.3d at 1350)). Complaints of past injuries are also not sufficient. *See Medberry*, 185 F.3d at 1193 (holding that the exception was not triggered where threat of assault by other prisoners ceased to exist when the plaintiff was placed in administrative confinement prior to filing his complaint); *Brown*, 387 F.3d at 1349. "[G]eneralized references to being in danger or being subject to abuse . . . [which] are conclusory, vague, and unsupported by any well-pleaded factual allegations . . . [do not] support a claim of imminent danger."

---

recognized that a case is due to be dismissed for failure to state a claim when immunity is an obvious bar given the allegations in the complaint." (internal quotation marks omitted)); *see also Wells v. Brown*, 58 F.4th 1347, 1350 (11th Cir. 2023) (en banc) (holding that "a complaint may be subject to dismissal for failure to state a claim—based on an affirmative defense—only when the affirmative defense appears on the face of the complaint").

*Rodriguez v. Am. Civil Liberty Union*, No. 3:23-cv-16482-LC-HTC, 2023 WL 11937262, at *3 (N.D. Fla. July 5, 2023).

The Recast Complaint is the operative pleading in this action.[2] In this document, Plaintiff alleges that "the Muscogee County Department of Community Supervision or its representatives" repeatedly failed to take Plaintiff before a judge for a bail hearing pursuant to O.C.G.A. § 17-6-1. ECF No. 4 at 10. Instead, he contends that these individuals used "expired probation warrant[s] to block the [Plaintiff] from making bail on pending charges" and would dismiss the expired warrants "years later." *Id.* at 10-11. Plaintiff contends this process resulted in his false imprisonment and is a "pattern of illegal activity" that violates the federal Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962. *Id.* at 10-12. As a result of these alleged violations, Plaintiff seeks monetary compensation. *Id.* at 15. Plaintiff's exhibits are primarily related to his unsuccessful attempts to have certain documents, including a state petition for writ of habeas corpus, notarized at the jail. *See generally* ECF No. 5.

None of these documents allege any facts suggesting that Plaintiff was in imminent danger of serious physical injury at the time he filed them. Thus, Plaintiff may not proceed

---

[2] Generally, "[a]n amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averment against his adversary." *See Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) (citation omitted). Although "[i]t is not necessary that the allegations of imminent harm be contained in a document labelled a complaint," the Court does not consider any allegations of harm made in the original Complaint because it was superseded by the Recast Complaint. *Barber v. Krepp*, 680 F. App'x 819, 821 n.2 (11th Cir. 2017) (per curiam) (declining to consider allegations of imminent danger in documents that were superseded by amended application for writ of mandamus).

4

*in forma pauperis* pursuant to § 1915(g), and this action must be dismissed without prejudice to his right to refile with pre-payment of the full $405.00 filing fee. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) (per curiam) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g).").

## CONCLUSION

In accordance with the foregoing, Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is **DENIED** and this case is **DISMISSED WITHOUT PREJUDICE**. If Plaintiff wishes to bring a new civil rights action, he may do so by submitting a new complaint form and the full filing fee.

**SO ORDERED** this 6th day of May, 2025.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA