IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| GEORGE WALTER BREWSTER, III, | : |
| Plaintiff, | : |
| v. | : Case No. 4:25-cv-19-CDL-AGH |
| MICHAEL NAIL, *et. al.*, | : |
| Defendants. | : |

**RECOMMENDATION OF DISMISSAL**

Pending before the Court after remand from the United States Court of Appeals for the Eleventh Circuit are the claims of *pro se* Plaintiff George Walter Brewster, III, a former prisoner in the Muscogee County Jail in Columbus, Georgia, seeking relief pursuant to 42 U.S.C § 1983.  In addition to his original Complaint (ECF No. 1), Plaintiff also filed a Recast Complaint (ECF No. 4) and exhibits in support of his claims (ECF No. 5).  Plaintiff also seeks leave to proceed *in forma pauperis* ("IFP") in this case (ECF No. 2).  As discussed below, however, Plaintiff has three strikes under the Prison Litigation Reform Act, so he may not proceed IFP.  It is therefore **RECOMMENDED** that Plaintiff's motion for leave to proceed IFP be **DENIED** and that Plaintiff's Complaint be **DISMISSED without prejudice.**

**DISCUSSION**

Federal law bars a prisoner from bringing a civil action in federal court IFP

> if [he] has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United

> States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). This is known as the "three strikes provision." Under § 1915(g), a prisoner incurs a "strike" any time he has a federal lawsuit or appeal dismissed on the grounds that it is (1) frivolous, (2) malicious, or (3) fails to state a claim. *See Medberry v. Butler*, 185 F.3d 1189, 1192 (11th Cir. 1999); *see also Daker v. Comm'r, Ga. Dep't of Corr.*, 820 F.3d 1278, 1283-84 (11th Cir. 2016) (confirming that "these three grounds are the *only* grounds that can render a dismissal a strike"). Once a prisoner incurs three strikes, his ability to proceed IFP in federal court is greatly limited: leave to proceed IFP may not be granted unless the prisoner is under imminent danger of serious physical injury. *Medberry*, 185 F.3d at 1192.

I. **Plaintiff's Strikes**

A review of court records on the Federal Judiciary's Public Access to Court Electronic Records ("PACER") database confirms that Plaintiff has filed more than 40 actions or appeals in the federal courts. Approximately half of those cases were federal habeas petitions or appeals of adverse decisions in those cases, and those cases are not eligible to be considered as strikes. At least seventeen of the remaining federal lawsuits, however, were dismissed prior to the filing of this case and are thus potentially strikes under § 1915(g). As discussed in detail below, of these seventeen cases, at least three were dismissed for failure to state a claim upon which relief may be granted.

A.     Plaintiff's Cases that Plainly Do Not Qualify as Strikes

As an initial matter, eleven of the remaining seventeen cases plainly do not qualify as strikes.  Nine of the seventeen cases were dismissed solely under 28 U.S.C. § 1915(g).  *See Brewster v. Muscogee Cnty. Police Dep't*, No. 4:21-cv-48-CDL-MSH (M.D. Ga. Apr. 5, 2021); *Brewster v. Muscogee Cnty. Police Dep't*, No. 4:21-cv-124-CDL-MSH (M.D. Ga. July 16, 2021); *Brewster v. Lyles*, No. 4:21-cv-155-CDL-MSH (M.D. Ga. Sept. 16, 2021); *Brewster v. Georgia*, No. 4:21-cv-158-CDL-MSH (M.D. Ga. Oct. 26, 2021); *Brewster v. Dep't of Cmty. Supervision*, No. 4:23-cv-73-CDL-MSH (M.D. Ga. June 27, 2021); *Brewster v. Fortson*, No. 4:23-cv-79-CDL-MSH (M.D. Ga. May 9, 2023); *Brewster v. Smith*, No. 4:23-cv-92-CDL-MSH (M.D. Ga. May 30, 2023); *Brewster v. Smith*, No. 4:23-cv-165-CDL-MSH (M.D. Ga. Sept. 25, 2023); *Brewster v. State Bar of Ga.*, No. 5:24-cv-35-MTT-TQL (M.D. Ga. Jan. 23, 2024).  These cases do not count as strikes.  *Brewster v. Nail*, No. 25-11871, 2025 WL 2612813, at *2 (11th Cir. Sept. 10, 2025) (holding that dismissal "solely under the three-strikes rule" could not count as a strike for purposes of § 1915(g)).

Another of Plaintiff's cases was dismissed for failure to comply with the Court's previous orders and instructions, but it did not contain any indication that the case was otherwise frivolous, malicious, or failed to state a claim.  *See Brewster v. Tompkins*, No. 4:20-cv-39-CDL-MSH, ECF Nos. 13,16 (M.D. Ga. Mar. 24, 2021).  Such a dismissal also cannot count as a strike for purposes of § 1915(g).  *See Wells v. Brown*, 58 F.4th 1347, 1358-59 (11th Cir. 2023) (holding that while "[n]o magic words are

3

needed[,] . . . the dismissing court must give some express statement to the effect that it dismissed the case because it was malicious or because it failed to state a claim").

Finally, the Eleventh Circuit has already determined that *Brewster v. American International Movers, Inc.*, No. 4:20-cv-45-CDL-MSH (M.D. Ga. Feb. 1, 2021), cannot be considered a strike. *Nail*, 2025 WL 2612813, at *1. In *American International Movers*, this Court found that Plaintiff failed to state a § 1983 claim against the only named defendant because "[n]othing in Plaintiff's complaint assert[ed] facts suggesting that anyone from American International Movers violated Plaintiff's constitutional or other federal rights," and "it appear[ed] that American International Movers is a private company and not a state actor." *American International Movers, Inc.*, No. 4:20-cv-45-CDL-MSH, Order 5, ECF No. 5 (M.D. Ga. Feb. 1, 2021). The Court further noted that Plaintiff failed to establish "any basis for this Court to exercise jurisdiction over any potential state law claims that Plaintiff may have against the named defendant" and declined to exercise supplemental jurisdiction over those claims. *Id.* The Court concluded that "Plaintiff's complaint fails to state a claim for relief over which this Court has subject matter jurisdiction" and dismissed the complaint pursuant to 28 U.S.C. § 1915A(b), which requires a court to dismiss any claim that "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." *Id.* at 1, 5. The clerk's docket entry dismissing the case, however, indicated that the dismissal was "one for 'lack of jurisdiction.'" *Nail*, 2025 WL 2612813, at *3.

The Eleventh Circuit concluded that because "[a] dismissal for lack of jurisdiction is not one of the three section 1915(g) grounds," and at least some claims in the case appeared to have been dismissed for lack of jurisdiction, *American International Movers* could not be considered a strike. *Nail*, 2025 WL 2612813, at *3; *see also Wells*, 58 F.4th at 1361 (holding that a "mixed" dismissal, i.e., where some claims are dismissed as frivolous, malicious, or for failing to state a claim but others are not, cannot count as a § 1915(g) strike). The Court therefore does not count *American International Movers* as a strike in this case.

B.   Potential Strikes

The Court is thus left with six additional cases that it must examine to determine whether the § 1915(g) bar applies to Plaintiff.[1] To determine whether each of those cases is a strike, the Court must "consult the *prior* order that dismissed the action or appeal . . . to identify the *reasons* that the court gave for dismissing it." *Daker*, 820 F.3d at 1284. Each claim in each case must be dismissed as frivolous, malicious, or for failure to state a claim for the entire case to be considered a strike. *See Wells*, 58 F.4th at 1361 (distinguishing between dismissal of a claim and dismissal of an action for purposes of § 1915(g)). As discussed below, each of the six cases meets these criteria and should be considered a strike.

---

[1] The Eleventh Circuit did not address whether any of these six cases could count as a strike in its previous opinion in this case. *See Nail*, 2025 WL 2612813, at *3.

        *1.*     *Brewster v. Turner*

Of these six remaining potentially "strike worthy" cases, one was dismissed solely for failure to state a claim upon which relief may be granted. *See Brewster v. Turner*, No. 4:21-cv-00014-CDL-MSH, Order 1, ECF No. 5 (M.D. Ga. Mar. 3, 2021) (dismissing "for failure to state a claim because the face of Plaintiff's complaint demonstrates that Plaintiff is seeking monetary damages from a defendant who is immune from such relief"). Although this case was dismissed because the only named defendant was a judge who was immune from suit, such a dismissal is effectively one for failure to state a claim. *See, e.g., Wright v. Pearson*, 747 F. App'x 812, 814 (11th Cir. 2018) ("We have recognized that a case is due to be dismissed for failure to state a claim when immunity is an obvious bar given the allegations in the complaint." (internal quotation marks omitted)); *Ray v. Lara*, 31 F.4th 692, 698 (9th Cir. 2022) (holding that dismissals for affirmative defenses such as immunity can be considered strikes only if the affirmative defense is "so clear on the face of the complaint that dismissal may qualify as a strike for failure to state a claim" or "so obvious that the suit is frivolous," and "the affirmative defense is readily apparent without resort to any additional information outside the four corners of the complaint") (citations omitted)); *see also Wells*, 58 F.4th at 1350 (holding that "a complaint may be subject to dismissal for failure to state a claim—based on an affirmative defense—only when the affirmative defense appears on the face of the complaint"). This case therefore counts as a strike.

### 2.     *Brewster v. Muscogee County Superior Court*

The second case, *Brewster v. Muscogee County Superior Court*, was also dismissed because "Plaintiff's allegations, as currently pleaded, fail to state a claim upon which relief may be granted." *Brewster v. Muscogee Cnty. Super. Ct.*, No 4:21-cv-19-CDL-MSH, R. & R. 8, ECF No. 6 (M.D. Ga. June 1, 2021) (recommending dismissal); *Muscogee Cnty. Super. Ct.*, No. 4:21-cv-19-CDL-MSH, Order 1, ECF No. 7 (M.D. Ga. July 13, 2021) (adopting recommendation). In this case, the Court first found that Plaintiff's § 1983 claims were *Heck*-barred. *Muscogee Cnty. Super. Ct.*, No. 4:21-cv-19-CDL-MSH, R. & R. 5-6, ECF No. 6 (M.D. Ga. June 1, 2021) (recommending dismissal). It is not clear whether dismissal of a claim that is merely *Heck*-barred is a dismissal for "failure to state a claim" and is therefore eligible to be counted as a strike. *See Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1724 n.2 (2020) (noting a circuit split but declining to address the issue); *see also Rosa v. Satz*, 840 F. App'x 491, 493 (11th Cir. 2021) (affirming dismissal for failure to state a claim where claims were barred by *Heck* and/or the statute of limitations). But this Court also concluded that "[e]ven if any of Plaintiff's claims are not *Heck*-barred, his Complaint fails to state a claim upon which relief may be granted" because his claims would be barred by judicial immunity, prosecutorial immunity, because Plaintiff's public defender was not a state actor, and because the Muscogee County Superior Court and the District Attorney's Office were not entities capable of being sued under § 1983. *Muscogee Cnty. Super. Ct.*, No. 4:21-cv-19-CDL-MSH, R. & R. 6-8, ECF No. 6 (M.D. Ga. June 1, 2021) (recommending dismissal). In other words, the Court found

that Plaintiff's entire complaint failed to state a claim upon which relief may be granted for reasons other than the *Heck* bar.  The question thus becomes whether "a dismissal on alternative grounds constitutes a strike where one of the grounds for dismissal would independently justify a strike and was 'a fully sufficient condition' for dismissal of all claims."  *Griffin v. Carnes*, 72 F.4th 16, 19 (2d Cir. 2023) (quoting *O'Neal v. Price*, 531 F.3d 1146, 1155–56 (9th Cir. 2008)).

Although the Eleventh Circuit does not appear to have directly addressed the issue, other courts have concluded that such a dismissal would count as a strike.  *See, e.g., Talley v. Pillai*, 116 F.4th 200, 210 (3d Cir. 2024) (holding that "when a court dismisses a claim using two equally sufficient rationales, one of which is strike-qualifying, that claim has been dismissed on a strike-qualifying ground and its dismissal counts toward a strike"); *Griffin*, 72 F.4th at 19; *O'Neal*, 531 F.3d at 1155-56; *Tobin v. CEO of Securus Techs.*, Case No. 3:25-cv-877/LC/ZCB, 2025 WL 2111663, at *1 n.4 (N.D. Fla. June 27, 2025) (stating that "[t]he inclusion of an alternative, independent basis for dismissal does not affect the determination that these dismissals count as strikes" (citations omitted)).  The Court agrees with those courts that have so held and finds that *Muscogee County Superior Court* should also count as a strike because the "entire complaint [was] dismissed alternative grounds, one of which [was] strike-qualifying[.]"  *Talley*, 116 F.4th at 211.

### 3. *Brewster v. Guzman, Brewster v. Land, and Brewster v. Land*

Similarly, three additional cases were dismissed under § 1915(g) <u>and</u> because they failed to state a claim upon which relief may be granted.  *Brewster v. Guzman*,

8

No. 4:21-cv-57-CDL-MSH, Order 1, 6, ECF No. 4, (M.D. Ga. Apr. 21, 2021) (dismissing complaint pursuant to 28 U.S.C. § 1915(g) and "because Plaintiff has failed to state a claim" and his "complaint does not state a right to any recognizable relief"); *Brewster v. Land*, No. 4:21-cv-102-LAG-MSH, Order 3, ECF No. 4, (M.D. Ga. July 21, 2021) (dismissing pursuant to 28 U.S.C. § 1915(g) and "because the complaint does not state a claim upon which relief may be granted as the only named defendant" was a federal judge "entitled to absolute immunity from Plaintiff's claims"); *Brewster v. Land,* No. 4:21-cv-143-TES-CHW, Order 1, ECF No. 4 (M.D. Ga. Oct. 27, 2021) (dismissing complaint pursuant to 28 U.S.C. § 1915(g) and pursuant to 28 U.S.C. § 1915A "because it fails to state a claim upon which relief may be granted and/or seeks monetary relief against a defendant who is immune from such relief" where all named defendants were federal judges entitled to judicial immunity). Because the alternative grounds for dismissing each of the claims in these cases—failure to state a claim—"would independently justify a strike," these three dismissals would also count as strikes against Plaintiff for purposes of § 1915(g). *Griffin*, 72 F.4th at 19.[2]

    4.    *Brewster v. District Attorney's Office*

Plaintiff's last potentially strike-worthy case, *Brewster v. District Attorney's Office*, No. 4:20-cv-38-CDL-MSH (M.D. Ga. Mar. 2, 2020), features a host of different claims that were dismissed for varying reasons. As discussed above, for the entire case to count as a strike, each individual claim must be dismissed as frivolous,

---

[2] Again, the Court is relying on Eleventh Circuit precedent which holds that the dismissal of a claim for an affirmative defense—such as immunity—that is apparent on the face of the complaint amounts to a dismissal for failure to state a claim and is therefore "strike-worthy." *See, e.g., Wells*, 58 F.4th at 1350; *Wright*, 747 F. App'x at 814.

9

malicious, or for failure to state a claim. *Wells*, 58 F.4th at 1361. In *District Attorney's Office*, the United States Magistrate Judge recommended dismissal of the claims against the Columbus Police Department because it was not an entity capable of being sued under § 1983; the District Attorney's Office under Eleventh Amendment immunity;[3] the district attorney or deputy district attorneys themselves under prosecutorial immunity; two judges under judicial immunity; and the City of Columbus for failing to state a claim. *Dist. Att'y's Off.*, No. 4:20-cv-38-CDL-MSH, Order 6-9, n.1, ECF No. 5 (M.D. Ga. July 20, 2020). The magistrate judge also found that Plaintiff failed to state an actionable excessive force claim. *Id.* at 11 n.2. Each of these claims was therefore dismissed for failure to state a claim. *See, e.g., Wells*, 58 F.4th at 1350.

In addition to dismissing those claims, the magistrate judge observed that the claims against four of the remaining Defendants—Cowart, Matyas, Taylor, and Tompkins—appeared to be related to Plaintiff's pending criminal prosecution. *Dist. Att'y's Off.*, No. 4:20-cv-38-CDL-MSH, Order 10, ECF No. 5 (M.D. Ga. July 20, 2020). The magistrate judge thus found that these claims would implicate the doctrine set forth in *Younger v. Harris*, 401 U.S. 37, 43-44 (1971), which prohibits federal courts from intervening with pending state criminal proceedings where the party requesting intervention has an adequate remedy at law and will not suffer irreparable injury.

---

[3] The magistrate judge also suggested that the District Attorney's Office is not an entity capable of being sued under § 1983. *Dist. Att'y's Off.*, No. 4:20 cv 38-CDL-MSH, Order 7, ECF No. 5 (M.D. Ga. July 20, 2020) ("Even if [the District Attorney's Office] could be considered an entity capable of being sued under § 1983, it would be entitled to immunity.").

10

*Younger* typically requires the dismissal of claims for injunctive relief and the stay of any claims for damages. *See Deakins v. Monaghan*, 484 U.S. 193, 195 (1988). The Court thus noted that claims for injunctive relief related to Plaintiff's pending criminal prosecution could be dismissed under *Younger*. *Dist. Att'y's Off.*, No. 4:20-cv-38-CDL-MSH, Order 12, ECF No. 5 (M.D. Ga. July 20, 2020).

The Eleventh Circuit does not appear to have addressed the issue of whether cases dismissed under *Younger* can count as a strike. Other circuits have held that such dismissals do not count as strikes. *See, e.g., Burrel v. Shirley*, 142 F.4th 239, 247-49 (4th Cir. 2025) (holding that dismissal based on *Younger* abstention is similar to dismissal based on lack of jurisdiction and such a dismissal cannot count as a strike); *Washington v. L.A. Cnty. Sheriff's Dep't*, 833 F.3d 1048, 1057-58 (9th Cir. 2016) (holding that "a dismissal due to *Younger* abstention, similar to a dismissal under Rule 12(b)(1) for lack of subject-matter jurisdiction, is not a strike under the PLRA"); *Carbajal v. McCann*, 808 F. App'x 620, 629-30 (10th Cir. 2020) (declining to count as a strike an action in which some of the claims were dismissed under *Younger*); *Mallon v. St. Lucie Cnty. Public Defender's Off.*, No. 22-14396-CIV-ALTMAN, 2022 WL 17477010, at *2 (S.D. Fla. Dec. 6, 2022) (first citing *Washington*, 833 F.3d at 1058; and then citing *Carbajal*, 808 F. App'x at 630) (stating that while the Eleventh Circuit has not addressed whether cases dismissed on *Younger* grounds are strikes, other circuits have held such cases do not count as strikes).

In this case, however, the Court also observed that Plaintiff failed to state an actionable claim against the Defendants against whom any damages claims would

11

have been stayed under *Younger*. *Dist. Att'y's Off.*, No. 4:20-cv-38-CDL-MSH, Order 13-14, ECF No. 5 (M.D. Ga. July 20, 2020). In other words, these claims were not dismissed solely under *Younger*; the Court simply noted that dismissal under *Younger* would have been an alternative reason to dismiss. *See id.* at 14 ("For all these reasons, a stay pursuant to *Younger* would be futile, and Plaintiff's claims concerning his false arrest and imprisonment may be dismissed outright."). Because each claim in that case was ultimately dismissed for failure to state a claim upon which relief may be granted, this case should also count as a strike.

## II   Imminent Danger Exception

The foregoing analysis reveals that Plaintiff has filed at least three actions that are strikes for purposes of § 1915(g). Plaintiff is accordingly barred from prosecuting this action IFP unless he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The Court must thus assess "whether [Plaintiff's] complaint, as a whole, alleges imminent danger of serious physical injury." *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004). "[G]eneral assertions, even construed liberally, are 'insufficient to invoke the exception to § 1915(g) absent specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury.'" *Sutton v. Dist. Attorney's Office*, 334 F. App'x 278, 279 (11th Cir. 2009) (quoting *Brown*, 387 F.3d at 1350)). Complaints of past injuries are also not sufficient. *See Medberry*, 185 F.3d at 1193 (holding that the exception was not triggered where threat of assault by other prisoners ceased to exist when the plaintiff was placed in administrative confinement

prior to filing his complaint); *Brown*, 387 F.3d at 1349. "[G]eneralized references to being in danger or being subject to abuse . . . [which] are conclusory, vague, and unsupported by any well-pleaded factual allegations . . . [do not] support a claim of imminent danger." *Rodriguez v. Am. Civil Liberty Union*, No. 3:23-cv-16482-LC-HTC, 2023 WL 11937262, at *2 (N.D. Fla. July 5, 2023).

The Recast Complaint is the operative pleading in this action.[4] In this document, Plaintiff alleges that "the Muscogee County Department of Community Supervision or its representatives" repeatedly failed to take Plaintiff before a judge for a bail hearing pursuant to O.C.G.A. § 17-6-1. Recast Compl. 10, ECF No. 4. Instead, he contends that these individuals used "expired probation warrant[s] to block the [Plaintiff] from making bail on pending charges" and would dismiss the expired warrants "years later." *Id.* at 10-11. Plaintiff contends this process resulted in his false imprisonment and is a "pattern of illegal activity" that violates the federal Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962. *Id.* at 10-12. As a result of these alleged violations, Plaintiff seeks monetary compensation. *Id.* at 15. Plaintiff's exhibits are primarily related to his unsuccessful attempts to have certain documents, including a state petition for writ of habeas corpus, notarized at the jail. *See generally* Exhibits, ECF No. 5.

---

[4] Generally, "[a]n amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averment against his adversary." *See Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) (citation omitted). Although "[i]t is not necessary that the allegations of imminent harm be contained in a document labelled a complaint," the Court does not consider any allegations of harm made in the original Complaint because it was superseded by the Recast Complaint. *Barber v. Krepp*, 680 F. App'x 819, 821 n.2 (11th Cir. 2017) (per curiam) (declining to consider allegations of imminent danger in documents that were superseded by amended application for writ of mandamus).

None of these documents allege any facts suggesting that Plaintiff was in imminent danger of serious physical injury at the time he filed them. Thus, Plaintiff may not proceed IFP pursuant to § 1915(g), and this action must be dismissed without prejudice to his right to refile with pre-payment of the full $405.00 filing fee. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g).").

## CONCLUSION

In accordance with the foregoing, it is **RECOMMENDED** that Plaintiff's motion to proceed IFP (ECF No. 2) be **DENIED** and that this case be **DISMISSED WITHOUT PREJUDICE**. If Plaintiff wishes to bring a new civil rights action, he may do so by submitting a new complaint form and the full filing fee.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to these recommendations with the Honorable Clay D. Land, United States District Judge, **WITHIN FOURTEEN (14) DAYS** after being served with a copy of this Recommendation. Any objection is limited in length to **TWENTY (20) PAGES**. *See* M.D. Ga. L.R. 7.4. The parties may seek an extension of time in which to file written objections, provided a request for an extension is filed prior to the deadline for filing written objections. Failure to object in accordance with the provisions of § 636(b)(1) waives the right to challenge on appeal the district judge's order based on

factual and legal conclusions to which no objection was timely made.  *See* 11th Cir. R. 3-1.

**SO RECOMMENDED** this 29th day of December, 2025.

                                                s/ *Amelia G. Helmick*
                                                UNITED STATES MAGISTRATE JUDGE